IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
f/u/b PENN-MAR DOOR AND
HARDWARE, LLC, et al.             *

    Plaintiffs                 *

    vs.                        *   CIVIL ACTION NO. MJG-13-2804

WESTERN SURETY COMPANY, et al.    *

    Defendants                 *

*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER RE: AFFIRMATIVE DEFENSES

The Court has before it the Motion to Strike Affirmative Defenses – Western [Document 12] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

Certainly, Defendant Western Surety Company has pleaded, in summary fashion, some fourteen affirmative defenses. There is no doubt that the affirmative defense pleadings are no more than "placeholders."

Rule 12(f) of the Federal Rules of Civil Procedure[1] provides in relevant part that a court may, on its own or on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking defenses under Rule 12(f) is generally disfavored, although such motions may be granted if they remove potential

---

[1] All Rule references herein are to the Federal Rules of Civil Procedure.

1

confusion. See Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

Rule 8(c)(1), which governs affirmative defenses, provides simply that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." An affirmative defense is not a claim for relief. Rules 8 (b) and (c), which govern defenses, do not contain the language of Rule 8(a), which requires the complainant to "show[] that the pleader is entitle[d] to relief."

While recognizing that there are courts holding a contrary view, this Court agrees with the rationale of Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051-52 (D. Minn. 2010) (noting that the "plausibility" requirement of Twombly and Iqbal does not extend to the pleading of affirmative defenses).[2]

Accordingly, the Motion to Strike Affirmative Defenses – Western [Document 12] is DENIED.

SO ORDERED, on Friday, January 10, 2014.

/s/
Marvin J. Garbis
United States District Judge

---

[2] The Court recognizes that there are differences of opinion within the Circuits and within this Circuit regarding the standard for the pleading of defenses under Rules 8(b) and (c). See, e.g., Pennell v. Vacation Reservation Ctr., LLC, No. 4:11CV53, 2011 WL 6960814, at *3 n.2 (E.D. Va. Sept. 20, 2011) (collecting cases that have applied the Twombly-Iqbal standard to the pleading of affirmative defenses).